José de Jesús Rivera, AZ State Bar No. 004604
Aaron Hall, State Bar No. 024273
MILLER PITT FELDMAN & MCANALLY, PC
2800 N. Central Avenue, Suite 840
Phoenix, Arizona 85004-1069
Phone: (602) 266-5557
Fax: (602) 266-5557
josedejesusrivera@mpfmlaw.com
ahall@mpfmlaw.com
mreed@mpfmlaw.com (designated for minute entries)
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Estell-Ramsey, individually and on behalf of his minor son, OR, <br><br>             Plaintiff, <br>v. <br><br>United States of America, <br><br>             Defendant. | **Case No.: 2:22-cv-00435-DJH** <br><br>**JOINT CASE MANAGEMENT REPORT** <br><br>(Federal Tort Claims Act - Motor Vehicle) |

**1.    Parties:**   A list of the parties in the case, including any parent corporations or entities (for recusal purposes): All Parties are named in the Complaint.

**2.    Description of the Case:**   A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute.

*Plaintiffs:*   On September 17, 2019, Plaintiff Christopher Estell-Ramsey was driving his truck north on Fortuna Road in Yuma, Arizona. His minor son, OR was seated directly behind him in his child car seat. Mr. Estell-Ramsey was preparing to make a left-hand turn in order to proceed west on U.S. 95.

1

At the same time Michael Harold Rolfe was traveling east on the U.S. 95 in government vehicle owned by the Department of Interior, Bureau of Reclamation. As he approached the intersection of the U.S. 95 and Fortuna Road, Mr. Rolfe failed to stop for the red traffic light and proceeded through the intersection, slamming into the driver's side of Plaintiff's vehicle. Mr. Rolfe was cited with Failure to Obey Traffic Control Device and Speed Greater than Reasonable to Avoid Collision.

As a result of the collision Plaintiffs have suffered injuries for which they have received medical treatment. Additionally, they are seeking damages for lost wages, loss of consortium and general damages for the pain and suffering they have experienced as a result of this incident.

Mr. Rolfe was driving a car with a government license plate and owned by the Bureau of Reclamation, which makes Plaintiff's claim subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80. The FTCA obligates the United States to assume liability for personal injury caused by the negligent or wrongful act or omission of a federal employee under circumstances where the United States, if a private person, would be liable to the claimant according to the law of the place where the act or omission occurred. 28 U.S.C § 1346(b). The alleged negligence and negligence *per se* as set forth in the Complaint occurred in Arizona; therefore, Arizona law governs this claim. This case is covered under the FTCA as to Mr. Rolfe and his employment with the Bureau of Reclamation. 25 U.S.C. § 5321(d). And, Mr. Rolfe is deemed a federal employee and is covered under the FTCA for the purpose of this litigation. 25 C.F.R. 900.193.

This matter is in the earliest stages and initial discovery has not been exchanged. As such it is too early to identify exactly what legal and factual issues may be in dispute.

***Defendant:*** Michael Rolfe, a Bureau of Reclamation (BOR) employee, was operating a government vehicle during his regular work hours en route from the BOR Yuma Area Office to Needles, California on September 17, 2019. At approximately 8:16 a.m., Mr. Rolfe was driving on US Highway 95. A collision between Mr. Rolfe's vehicle and a vehicle driven by plaintiff Christopher Estell-Ramsey occurred at the controlled

intersection of US Highway 95 and Fortuna Road, as Mr. Estell-Ramsey executed a left turn from Fortuna Road onto US Highway 95 in front of Mr. Rolfe's vehicle. The front of Mr. Rolfe's vehicle impacted the driver's side of Mr. Estell-Ramsey's vehicle. Mr. Estell-Ramsey's minor son was a restrained rear seat passenger seated behind the driver's seat. The accident was investigated by the Arizona Department of Public Safety. Mr. Rolfe was issued two citations (failure to obey a traffic control device [A.R.S. § 28-644A1] and speed greater than reasonable to avoid a collision [A.R.S. § 28-701A]). Mr. Estell-Ramsey and his son sustained injuries and received medical treatment.

    **3.** **Jurisdiction:** The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any**.**

    Plaintiffs' cause of action is filed under the Federal Tort Claims Act 28 U.S.C. § 1346(b); 28 U.S.C. § 2671, *et seq*. Venue is proper within the District of Arizona pursuant to 28 U.S.C. § 1402(b) because all acts referred to herein occurred within the District of Arizona.

    **4.** **Service:** Parties which have not been served and an explanation of why the have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties. Unless any party can otherwise show cause, an order shall accompany the Joint Case Management Report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any non-appearing party.

    All Parties have been served.

    **5.** **Amendments:** A statement of whether any party expects to add additional parties to the case or otherwise, to amend pleadings (the Court will set a deadline of not later than 60 days from the issuance of the Rule 16 Scheduling Order).

    The Parties do not intend on adding any additional parties to this cause of action or to otherwise amend their pleadings; however, they reserve the right to do so.

**6.** **Forthcoming Motions:** A list of contemplated motions and a statement of the issues to be decided by these motions.

The Parties may file a motion(s) for summary judgment. The Parties also anticipate filing motions *in limine* and/or pretrial motions which have not been identified as of the time of this filing.

**7.** **Magistrate:** Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

The Parties do not consent to the transfer of the case to a United State Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**8.** **Related Cases:** The status of related cases pending before other courts or Other judges of this Court: n/a

**9.** **Rule 26(a) Discovery:** A statement of when the parties exchanged or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures:

The Parties shall exchange Initial Disclosure no later than **July 20, 2022**.

**10.** **Electronically Stored Information:** A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (*see* Fed.R.Civ.P 16(b)(3)(B)(iii); Fed.R.Civ.P. 26(f)(3) (C)).

The Parties agree there are no issues relating to preservation, disclosure, or electronically stored information, including the Parties' preservation of electronically stored information and the form or forms in which it will be produced.

**11.** **Privilege:** A discussion of any issues relating to claims of privilege or work product (*see* Fed.R.Civ.P. 16(b)(3)(B)(iv); Fed.R.Civ.P. 26(f)(3)(D)).

The Parties do not have any issues related to privilege or work product at this time.

**12.** **Discovery:** A discussion of necessary discovery, including:

    a.    The extent, nature, and location of discovery anticipated by the parties.

Most discovery can be conducted electronically, and the parties will work together to make all discovery available consistent with the Federal Rules of Civil Procedure and the Local Rules. It is understood that the events that give rise to this cause of action took place in Yuma, Arizona and as such some travel may be necessary in light of that.

    b.    The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.

The primary issues in the case will likely be related to causation and damages. As such, the Parties intend to make that the initial focus of discovery.

    c.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.

The Parties do not have any suggested changes at this time in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil Procedure.

    d.    The number of hours permitted for each deposition, unless modified by agreement of the parties. *See* Fed.R.Civ.P. 30(d)(1).

The Parties do not propose any modifications to the limits set forth in Fed.R.Civ.P. 30(d)(1).

13. Proposed specific dates for each of the following:

The suggested dates are more fully set forth in the Proposed Scheduling Order filed simultaneously with the Parties' Joint Case Management Report.

    a.    A deadline for the completion of fact discovery;[1]

- **February 10, 2023**.

    b.    Dates for complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(E), including separate dates for plaintiff's expert disclosure, defendant's expert disclosure, and for rebuttal expert disclosure.[2]

- Plaintiffs' expert disclosure: **October 7, 2022**.
- Defendant's expert disclosure: **November 18, 2022**.
- Simultaneous expert rebuttal disclosure: **December 16, 2022**.

    c.    A deadline for completion of all expert depositions.

- **March 3, 2023.**

    d.    A deadline for filing dispositive motions.

- **March 31, 2023.**

    e.    A date by which the parties shall have engaged in face-to-face good faith settlement talks.

---

[1] Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period may also be subject to sanctions.

[2] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

- **February 24, 2023.**

**14.    Request for Jury Trial:** n/a;

**15.    Trial:** The Parties anticipate being ready for trial by **June 5, 2023**.

**Plaintiffs:** The Plaintiffs expect the trial to last **4** days.

**Defendant:** Defendant believes the trial will require **4-5** days.

**16.    Settlement and Dispute Resolution:** The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purposes of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of alternative dispute resolution pursuant to L.R.Civ. 83.10.

The Parties believe discovery will have to take place before settlement discussions can take place. At this time, it is not suitable for referral.

**17.    Additional Matters:**    None at this time.

Dated this   day of July 6, 2022.

        MILLER, PITT, FELDMAN
        & McANALLY, PC


By   *s/Aaron Hall*_____
    José de Jesús Rivera
    Aaron Hall
    Attorneys for Plaintiffs


GARY M. RESTAINO
U.S. Attorney District of Arizona


 *s/Noel C. Capps*_____
Noel C. Capps
Assistant United States Attorney
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I electronically transmitted these documents with the Clerk of the Court's Office using the Clerk's E-filing system CM/ECF.

I further certify that a copy of the foregoing was electronically served on July 6, 2022 to:

Gary M. Restaino,
United States Attorney
District of Arizona
Noel C. Capps
Assistant United States Attorney
Two Renaissance Square
40 North Central Ave., Suite 1200
Phoenix, AZ 85004

   s/ *Mindy Reed*